DONLON, JUDGE: Defendant's arguments are more appropriately grounds for appeal from a decision adverse to it, than for rehearing. Reluctant as I am to disassociate myself in this matter from the view of my colleagues, I fail to find any matter now urged by defendant which was not before me, and carefully evaluated, in reaching the decision in this case.

The motion for rehearing should be denied.

BEFORE THE FIRST DIVISION, MARCH 26, 1958

No. 61721.—Manca, Inc. v. United States, protests 268085-K, etc. (New York).

Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the merchandise consists of lenses for photo enlargers; that said enlargers were held dutiable at 15 percent under paragraph 1551, as modified, as photographic cameras in Manca, Inc. v. United States (38 Cust. Ct. 271, C. D. 1874); and that, in accordance with said decision, the merchandise in question is dutiable as photographic lenses, the claim of the plaintiff at 25 percent was sustained.

No. 61722.—Manca, Inc. v. United States, protest 292798-K (New York).

Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the merchandise consists of lenses for photo enlargers; that said enlargers were held dutiable at 15 percent under paragraph 1551, as modified, as photographic cameras in Manca, Inc. v. United States (38 Cust. Ct. 271, C. D. 1874); and that, in accordance with said decision, the merchandise in question is dutiable as photographic lenses, the claim of the plaintiff at 25 percent was sustained.

No. 61723.—Manca, Inc. v. United States, protests 306068-K, etc. (New York).

Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the merchandise consists of parts of photo enlargers; that said enlargers were held dutiable at 15 percent under paragraph 1551, as modified, as photographic cameras in Manca, Inc. v. United States (38 Cust. Ct. 271, C. D. 1874); and that, in accordance with said decision, parts for enlargers are properly dutiable as parts of photographic cameras under paragraph 1551, the claim of the plaintiff at 20 percent was sustained.